NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3474
_____

YANG XINGQIU, aka Xingqiu Yang,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-113-892)
Immigration Judge:  Honorable Rosalind Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2013
Before:  SCIRICA, VANASKIE and COWEN, Circuit Judges

(Opinion filed: January 29, 2013  )
_____

OPINION
_____

PER CURIAM

Xingqiu Yang, a citizen of China who hails from Fujian Province, entered the

United States in March 2009 and was placed into removal proceedings.  He applied for

asylum, withholding of removal, and protection under the United Nations Convention

Against Torture (CAT) based on his experiences as a member of a "house church" in his

native China.  While deeming him credible, the agency nonetheless denied relief, and

Yang now seeks review of its decision.[1]

Yang argues first that the Board of Immigration Appeals failed to consider the

harm he had experienced *cumulatively* in determining that he did not suffer past

persecution.  The record does not support this claim; the Board's decision reflects that it

considered Yang's entire story, rather than the beating in isolation, in determining that he

had failed to show that the mistreatment he experienced amounted to "persecution" under

our case law.  See Administrative Record (A.R.) 4 (citing, *inter alia*, Jarbough v. Att'y

Gen., 483 F.3d 184, 191–92 (3d Cir. 2007) (holding that two brief detentions of petitioner

by the Syrian government did not rise to the level of persecution)).  The agency was not

compelled to find that Yang's detention, beating, and subsequent harassment amounted to

persecution on the present factual record.

Yang also contends that the IJ erred in finding that he failed to show an objective

fear of future persecution, because she relied too much on the various Country Reports.

See A.R. 25 ("[B]ecause of the lack of specific information regarding Fujian Province,

the Court cannot find the respondent would suffer future persecution or harm if returned

---

[1] Because we write primarily for the parties, who are familiar with the facts of the case
(and do not disagree about them), we will not engage in a factual recitation.  We have
jurisdiction under 8 U.S.C. § 1252(a).  We primarily review the Board's decision,
although we look to those parts of the Immigration Judge's (IJ) opinion to which the
Board deferred.  Chen v. Att'y Gen., 676 F.3d 112, 114 (3d Cir. 2011).  The agency's
factual findings are reviewed under the deferential "substantial evidence" standard, and
will be deemed conclusive unless a reasonable adjudicator would be compelled to

to China based on his religious affiliation."). Although Yang concedes that the record evidence on which he relies "sounds general and did not give conclusions specific to Fujian Province," he insists that the "general" information corroborates his testimony. Pet'r's Br. 16–17. While he is correct that the general information *could* have corroborated his testimony to suggest an objectively reasonable, well-founded fear of future persecution, see Chen, 676 F.3d at 115, the relevant question is whether the record *compels* that conclusion. It does not. The IJ determined that there was insufficient record evidence to support a finding that persecution of members of house churches was a significant worry in Fujian Province, and Yang points to nothing that would mandate our reversal of this determination; accordingly, it must stand.[2] See Chen v. Gonzales, 470 F.3d 1131, 1136–37 (5th Cir. 2006) (in similar context, equivocal evidence regarding persecution of Christians rendered petitioner's claim of persecution "highly speculative").

Because Yang did not meet the standard for obtaining asylum relief, he also failed to satisfy the "higher burden of proof" required for withholding of removal relief. Chen, 676 F.3d at 117. Nor do we detect any reason to disturb the agency's CAT conclusion.

Thus, for the foregoing reasons, Yang's petition for review will be denied.

---

conclude to the contrary. Id. An alien bears the burden of establishing his eligibility for relief from removal. See Toure v. Att'y Gen., 443 F.3d 310, 317 (3d Cir. 2006).

[2] The record does contain a letter from Yang's mother, in which she reports that the police continue to look for him. A.R. 320–21. While this letter brings Yang's proffer closer to equipoise, it does not satisfy the deferential standard of review we apply in this context. Cf. De Hincapie v. Gonzales, 494 F.3d 213, 219 (1st Cir. 2007).